## Commonwealth v. Santmyer

Before *Sculco, Weiss* and *Keim, JJ.*

*Frank Ezerski, Jr.,* for Commonwealth.

*A. M. Nichols,* for defendant.

SCULCO, J., February 14, 1961.—William F. Santmyer, the above-named defendant, is the natural son of George Santmyer, who owns and operates Santmyer's Garage, located at 104 Orchid Avenue, Scottdale, Westmoreland County. The said George Santmyer is a duly authorized holder of dealer's registration plates, which he uses in connection with his business of repairing and servicing motor vehicles.

William F. Santmyer was arrested for operating his automobile with dealer registration plates belonging to his father, George Santmyer. This offense occurred on September 23, 1960, on Route 30 in the Township of North Huntingdon, Westmoreland County.

Defendant is charged with the violation of section 502, art. V of The Vehicle Code, Act of August 28, 1959, P. L. 782, sec. 1, 75 PS §502. This section sets forth the uses that may be made of registration plates issued in a "Dealer's Class." The definition of a dealer is set forth in section 102 of said Vehicle Code, as amended by the Act of Nov. 12, 1959, P. L. 1495, sec. 1. In clause 8 a dealer is defined as any person engaged in the repairing, servicing or towing of motor vehicles. This is the category in which it is agreed that the defendant's father is placed by said act.

Section 502, subsec. 5 of said act sets forth the limitations on the use of the dealer registration plates. In making such limitations this subsection refers back to the definition of dealers as set forth in section 102 of the said Vehicle Code as cited above.

The difficulty in this case is caused by the numerous amendments to The Vehicle Code, and the reference of one section to another, in that one section of the act is amended but the reference paragraph of the other sections of the act are not amended to correspond.

320

In section 502 (5) the act sets forth that a person entitled to dealer registration plates "under clause 7 of said definition" in section 102 "may only use dealer's registration plates in direct connection with his own repair business for repairing, servicing or delivering his own vehicles or tractors." However, clause 7 under "dealer" of sec. 102 refers to "any person as defined in this act who maintains an established place of business and who is engaged in the business of buying, selling or exchanging second hand motor vehicles or mobilehomes, house trailers or office trailers, for the purpose of remodelling, taking apart or rebuilding the same or buying or selling of parts of second hand motor vehicles or mobilehomes, house trailers or office trailers, or the assembling of second hand motor vehicle or mobilehome, house trailer or office trailer parts."

As it has been stated above, the category in which defendant's father is placed by the act is clause 8 of sec. 102, and, therefore, since there is no restriction placed on a dealer, who is defined in clause 8, sec. 102, by section 502, subsec. 5 of the act, it is the opinion of this court that a repairman using a dealer's license has the broad privilege of allowing his immediate members of his family to use such dealer plates, because sec. 502, subsec. 2 states that a dealer's registration plates may be used for "the personal pleasure or personal use of such manufacturer, jobber or dealer, or the members of his family, when operated by such manufacturer, jobber or dealer, or immediate member of his family," unless restricted by subsection 5 of sec. 502.

And now, to wit, February 14, 1961, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the motion to quash the information be and the same hereby is sustained, the information be and the same hereby is quashed, and defendant discharged.